1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   T.T.                                  Case No.: 3:19-cv-00407-AJB-AGS

12                           Plaintiff,
                                          **ORDER DENYING DEFENDANTS'**
13   v.                                   **MOTION TO STRIKE PLAINTIFF'S**
                                          **SECOND AMENDED COMPLAINT**
14   COUNTY OF SAN DIEGO, a public        **(Doc. No. 29)**
     entity; ELISA KENDALL, an individual;
15   BETTY SIEGEL, an individual; MARY
     DEAN COOPER, an individual; FRED
16   BYERLEE, an individual; NINA URIBE,
     an individual; DIONNE G. EDWARDS-
17   SIMMONS, an individual; DOES 1
     through 20, inclusive,
18
                             Defendants.
19

20

21

22          Presently before the Court is Defendants County of San Diego, Elisa Kendall, Fred

23   Byerlee, Nina Uribe, and Dionne G. Edwards-Simmons ("Defendants") motion to strike

24   Plaintiff T.T.'s ("Plaintiff") Second Amended Complaint ("SAC"). (Doc. No. 29.)

25   Defendant Mary Dean Cooper joins in Defendants' motion to strike. (Doc. No. 38.) For the

26   reasons set forth below, the Court **DENIES** Defendants' motion to strike Plaintiff's SAC.

27   / / /

28   / / /

                                           1

# I. **BACKGROUND**

On February 28, 2019, Plaintiff filed her initial complaint for damages alleging a violation of a constitutional right to be protected by her foster parent and County of San Diego. (Doc. No. 1.) On March 7, 2019, Plaintiff realized that Defendants Nancy Uribe and Dionne G. Edwards-Simmons were not properly named in the caption of the pleading. Realizing her mistake, Plaintiff filed an ex parte motion to amend/correct the caption of her complaint to add the proper names. (Doc. No. 7.) The Court subsequently granted the Plaintiff's motion to amend/correct the complaint. (Doc. No. 8.) On March 22, 2019, Plaintiff filed her *Corrected* Complaint for Damages (hereinafter "First Amended Complaint" or "FAC") with the corrected names of the Defendants listed in the caption of the pleading. (Doc. No. 9).

On May 6, 2019, Defendants filed a motion to dismiss claiming Plaintiff's claims were time-barred and that there was no plausibly plead *Monell* claim against the County of San Diego. (Doc. No. 11.) On May 29, 2019, Defendants Fred Byerlee, Nina Uribe, and Dionne G. Edwards-Simmons (collectively "Social Workers") filed their motion to dismiss arguing Plaintiff's claims were time-barred and that each were entitled to qualified immunity. (Doc. No. 22.) On June 19, 2019, in response to Defendants' motions to dismiss, Plaintiff filed her SAC. (Doc. No. 27.)

The Court then found Defendants' motions to dismiss moot in light of Plaintiff's SAC. Defendants' filed the instant motion to strike Plaintiff's SAC on July 3, 2019. (Doc. No. 29.) Plaintiff opposes the motion. This order follows.

## II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), on its own or by motion, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court must view the pleadings in the light most

favorable to the non-moving party. *Cal. Dept. of Toxic Substances Control v. Alco Pac. Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) (citation omitted).

## III. DISCUSSION

Defendants move to strike Plaintiffs' SAC arguing (1) Plaintiff exhausted her right to amend as a matter of course, (2) Plaintiff did not have the Court's leave to file the SAC, and (3) allowing the amendment would be futile because the statute of limitations bars Plaintiff's action.

### 1. Exhaustion of Right to Amend Claim

Defendants argue Plaintiff exhausted her right to amend as a matter of course when she filed her FAC on March 22, 2019. (Doc. No. 29 at 4.) Defendants further explain that because Plaintiff filed her FAC, she can no longer amend without Defendants' written consent or leave of court pursuant to Rule 15(a). (*Id.* at 4.) Additionally, Defendants state Plaintiff did in fact amend her complaint when she corrected the caption to include the names of the social worker Defendants. (*Id.* at 4.) On the other hand, Plaintiff argues this cosmetic correction to the complaint was not an amendment. Plaintiff urges the Court to recognize the validity of her SAC. (Doc. No. 35 at 2.) The Court finds that Plaintiff's corrected complaint was an amendment within the meaning of Rule 15(a). However, as will be discussed below, Plaintiff first amended her complaint with the Court's leave pursuant to Rule 15(a)(2). Thus, Plaintiff had not utilized her Rule 15(a)(1)(B) right to amend as a matter of course.

Rule 15(a) provides:

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under 12(b), (e), or (f), whichever is earlier.

**(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). The Ninth Circuit in *Ramirez* held that a "[p]laintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). There, Ramirez filed a first amended complaint with the consent of the court pursuant to 15(a)(2). *Id*. at 1004. Shortly after the first amended complaint was filed, the County of San Bernardino filed a motion to dismiss pursuant to Rule 12(b)(6). *Id*. Rather than filing an opposition to the County of San Bernardino's motion to dismiss, Ramirez attempted to file a Second Amended Complaint. *Id*. The court denied Ramirez's Second Amended Complaint because leave of court was not sought or granted. *Id*. Ramirez appealed this decision and the Ninth Circuit found that Rule 15 provides different ways to amend a complaint, and a plaintiff may amend in whatever order he sees fit, so long as he complies with Rule 15. *Id*. at 1007. The Ninth Circuit further reasoned that "Rule 15 is organized substantively, not chronologically." *Id*. Therefore, a plaintiff "may amend in whatever order he sees fit provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)." *Id*.

The facts of *Ramirez* are nearly identical to the case at hand. Here, the Court granted Plaintiff's ex parte motion to correct/amend her initial complaint, allowing an amendment within the guidelines of Rule 15(a)(2). The filing of the FAC did not exhaust Plaintiff's right as a matter of course to later amend after service of a motion under Rule 12(b). Following the holding in *Ramirez*, Plaintiff was permitted to amend her complaint in whatever order, so long as she complied with the rule itself. In this instance, Plaintiff complied with Rule 15 when she first requested leave to amend then later filed her SAC.

Moreover, Plaintiff timely filed her SAC as a matter of course as the SAC was filed twenty-one days after Defendants' motion to dismiss. Therefore, this Court finds Plaintiff's SAC was permissible under Rule 15(a).

### 2. **Request Leave to File Claim**

On March 15, 2019, Plaintiff filed an ex parte motion to amend/correct her complaint. (Doc. No. 7.) Plaintiff's request was granted by the Court, allowing Plaintiff to correct the mistake on the caption of the initial complaint. (Doc. No. 8.) Defendants argue that Plaintiff failed to request written consent or leave from the Court to file its SAC. (Doc. No. 29 at 4.) However, such consent or leave from the Court was unnecessary because Plaintiff reserved her right to amend as a matter of course. Plaintiff's FAC was filed with permission by the Court. (Doc. No. 9.) Defendants concede in its reply to Plaintiff's opposition that "the Court's order states, 'Judge Battaglia: [grants Plaintiff's] ex parte motion for leave to file an amended complaint." (Doc. No. 36 at 3.)

As discussed above, Rule 15(a)(2) permits a party to amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

The grant or denial of leave to amend is in the Court's discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

1981). Consequently, the policy in favor of granting leave to amend is applied with extreme liberality. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962).

On March 20, 2019, the Court exercised its discretion and granted Plaintiff's leave to amend her original complaint. (Doc. No. 8.) Although there is a dispute between the parties about whether Plaintiff's FAC was merely cosmetic, such issue does not play a role in determining whether Plaintiff properly filed a SAC. This is because Plaintiff requested permission from the Court to file the FAC, making the amendment proper pursuant to Rule 15(a). Consequently, Plaintiff maintained her right to file an amended complaint as a matter of course without the Court's leave. Therefore, the Court finds Plaintiff properly followed the guidelines laid out in Rule 15(a).

### 3. **Statute of Limitations Claim**

Defendants attempt to argue Plaintiff's case is time-barred due to a statute of limitations issue. The Court finds the statute of limitations argument in the motion to strike improper and therefore, declines to address such an issue at this stage. However, the Court makes no determination on the merits of the statute of limitation issue. Accordingly, Defendants may raise these arguments in a responsive pleading to Plaintiff's SAC.

### IV. **CONCLUSION**

In light of the above, the Court **DENIES** Defendants' motion to strike Plaintiff's Second Amended Complaint. (Doc. No. 29.) Defendants will have **twenty-one (21) days** after the date of this Order to file a responsive pleading.

Dated: January 31, 2020

Hon. Anthony J. Battaglia
United States District Judge