UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.T.<br><br>                      Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO, a public entity; ELISA KENDALL, an individual; BETTY SIEGEL, an individual; MARY DEAN COOPER, an individual; FRED BYERLEE, an individual; NINA URIBE, an individual; DIONNE G. EDWARDS-SIMMONS, an individual; DOES 1 through 20, inclusive,<br><br>                     Defendants. | Case No.: 19-cv-00407-AJB-AGS<br><br>**ORDER:**<br><br>**GRANTING MOTION TO SEAL (Doc. No. 41) AND**<br><br>**GRANTING MOTION TO DISMISS (Doc. No. 43)** |

    Before the Court are Defendants' *ex parte* motion to seal (Doc. No. 41) and motion to dismiss (Doc. No. 43). As to the motion to seal, Defendants seek to file under seal documents containing statutorily protected records regarding Plaintiff's juvenile dependency proceedings. (Doc. No. 41 at 1). Plaintiff filed no opposition. Thus, given the confidential status of Plaintiff's juvenile records pursuant to section 827 of the Welfare and Institutional Code, the Court finds that Defendants have articulated compelling reasons in support of their motion to seal. *See Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018)

("A party seeking to seal a judicial record must articulate compelling reasons supported by specific factual findings.") (alterations and citation omitted). Accordingly, the Court **GRANTS** Defendants' motion to seal Exhibits A–C at Doc. No. 42. As to the motion to dismiss, the Court **GRANTS** the motion for the reasons set forth below.

## I. BACKGROUND

This action arises from abuses Plaintiff suffered while in foster care. (Doc. No. 27 at 4–11.) The following facts are taken from Plaintiff's Second Amended Complaint ("SAC").[1] (*Id.* at 4–11.) Around November 1996, when Plaintiff was three years old, and in the care and custody of County of San Diego ("County"), social workers, Mary Dean Cooper ("Ms. Cooper") and Fred Byerlee ("Mr. Byerlee"), placed Plaintiff in Mary Spurlock's (Ms. Spurlock) foster home. (*Id.* at 4.) When Ms. Spurlock worked, her teenage niece, Gabrielle, and an adult male, whom Plaintiff referred to only as "Daddy," watched and cared for Plaintiff. (*Id.*) While in Ms. Spurlock's home, Plaintiff "was sexually assaulted and/or molested on multiple occasions, and by several individuals including Daddy and Gabrielle." (*Id.* at 5.) Gabrielle sexually touched, kissed, and rubbed her genitals on, and digitally penetrated, Plaintiff. (*Id.*) She also engaged in sexual activity with her boyfriend in Plaintiff's presence. (Doc. No. 27 at 5.) Daddy encouraged Plaintiff to display and "practice" sexualized behavior. (*Id.*)

When Plaintiff informed Ms. Spurlock about the sexual abuse, Ms. Spurlock beat her and told her to stay quiet. (*Id.* at 6.) During a school visit, Plaintiff relayed to social workers, Elisa Kendall ("Ms. Kendall") and Betty Siegel ("Ms. Siegel"), "sufficient information to indicate she was being sexually abused and/or molested in Ms. Spurlock's home." (*Id.*) During her time in Ms. Spurlock's home, Plaintiff "acted out sexually at school, church, and home," and "made her dolls do sexual things." (Doc. No. 27 at 6.) In June 1997, Plaintiff's teacher and school counselor informed County, Ms. Kendall, and

---

[1] Plaintiff has amended her complaint two times. (Doc. Nos. 8, 27.) As more fully explained in the Court's Order on Defendants' Motion to Strike, although Plaintiff titles the latest and operative Complaint as "First Amended Complaint for Damages," the Court considers it as the Second Amended Complaint. (Doc. No. 39 at 1–2, 6.)

Ms. Siegel that Plaintiff had developed behavioral issues. (*Id.* at 7.) In December 1999, a child abuse referral was generated after Plaintiff was slapped across the face for "sucking on her finger in a sexualized manner – at church" and stating that "she was 'practicing' for Daddy." (*Id.* at 7–8.) Plaintiff was thereafter removed from Ms. Spurlock's home and placed in Polinsky Children's Center ("Polinsky"). (*Id.* at 8.)

At Polinsky, Plaintiff engaged in sexual behavior with another minor, and social worker Nina Marco ("Ms. Marco") was assigned to investigate. (*Id.*) Plaintiff disclosed to Ms. Marco the sexual abuse in Ms. Spurlock's home. (*Id.*) Ms. Spurlock admitted to Ms. Marco that Plaintiff "exhibited sexualized behavior in her care" and explained that she "would play with her dolls and make them do sexual things," as well as play with kids "in a sexually inappropriate manner." (*Id.*) In 2003, Plaintiff disclosed further details regarding her sexual abuse, and medical professionals examined her and corroborated her abuse. (Doc. No. 27 at 9.) Sometime between 2004 and 2006, Defendants lost track of Plaintiff, subsequently located her in Phoenix, Arizona, and returned her to Polinsky. (*Id.*)

According to Plaintiff, Defendants "were fully apprised and aware" that Plaintiff suffered harm and sexual abuse, but failed to protect her, safeguard her well-being, and provide psychotherapeutic care targeting the severe trauma she sustained as a sexual abuse victim. (*Id.* at 9–10.) Plaintiff also stated that she did not know of Defendants' failures until 2018, and that Defendants knew that Plaintiff "had a separate legal action against them," and "failed to advise Plaintiff of her rights, or otherwise actively suppressed the relevant material information from her." (*Id.* at 5–10.)

On February 28, 2019, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) After Plaintiff filed a second amendment to her Complaint, Defendants filed the instant motion to dismiss.

**II.    LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement, but rather, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of the complaint, the court must assume the truth of all factual allegations therein and construe them in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). This tenet, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions" or "formulaic recitation of the elements of a cause of action" are insufficient). Plausibility demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Id.* at 679.

### III. DISCUSSION

Defendants argue, as a threshold matter, that Plaintiff's claims must be dismissed because they are barred by the statute of limitations. (Doc. No. 43-1 at 18.) Defendants assert that a two-year statute of limitations applies to Plaintiff's claims, and that it expired on March 2013—two years after Plaintiff's eighteenth birthday and several years before she filed her suit. (*Id.* at 11–12; Doc. No. 49 at 2.) Plaintiff contends that Defendants should be "estopped from asserting the statute of limitations" because they "failed to advise Plaintiff of her rights regarding the potential tort action," and "concealed all relevant material information regarding her potential claims." (Doc. No. 48 at 23.) Defendants maintain that Plaintiffs failed to plead facts necessary to invoke equitable estoppel (Doc. No. 49 at 3–4.)

A suit may be dismissed under Rule 12(b)(6) based on the statute of limitations "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). Dismissal on this basis "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Where, as here, "a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts." *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). In addition, the Supreme Court has instructed that "a state's residual personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to prevent unnecessary litigation and preserve the efficacy of the § 1983 remedy." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Okure*, 488 U.S. 235 (1989)). Thus, the Court finds that the applicable statute of limitations in this case is California's personal injury statute of limitations, which is two years. *See* Cal. Code Civ. Proc. § 335.1. Plaintiff does not contend otherwise.[2] (*See* Doc. No. 48 (containing no opposition to Defendants' assertion that Cal. Code Civ. Proc. § 335.1 supplies the relevant statute of limitations).)

As such, the remaining questions before the Court are (1) when Plaintiff's causes of action accrued, and (2) whether Plaintiff filed her claim within the statute of limitations, and if not, whether equitable estoppel applies.

**A. Accrual of Plaintiff's Claims**

"Accrual is the date on which the statute of limitations begins to run." *Lukovsky*, 535 F.3d at 1048. While state law determines the length of the limitations period, "federal law

---

[2] The Court finds that Plaintiff's failure to oppose constitutes a waiver or abandonment of this specific issue. *See Larson-Valentine v. Travelers Commercial Ins. Co.*, No. 19-1209, 2019 WL 3766562, at *1 (S.D. Cal. Aug. 9, 2019) (deeming plaintiff's failure to file an opposition "a waiver or abandonment of the issues raised in defendant's motion"); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09–4198, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (same) (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)).

determines when a civil rights claim accrues." *Id.* "[U]nder federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* It includes "not just when the plaintiff experiences the injury, but when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Bonneau*, 666 F.3d at 581.

Assuming as true all of the factual allegations in Plaintiff's SAC, the Court finds that her causes of action began to accrue, at the latest, in 2003. Between 1996 and 1999, Plaintiff "told Ms. Spurlock about the sexual abuse" (Doc. No. 27 at 5) and knowing "the difference between a good and bad touch," told social workers "sufficient information to indicate that she was being sexually abused and/or molested in Ms. Spurlock's home" (*Id.* at 6). Sometime in 1999, during an investigation, Plaintiff disclosed to another social worker "the prior sexual abuse in Ms. Spurlock's home." (*Id.* at 8.) And in 2003, Plaintiff "disclosed more details regarding the sexual abuse" to medical professionals, who after an examination, confirmed her abuse. (*Id.* at 9.) Plaintiff's acts of confiding in her foster parent, social workers, and medical professionals about the abuse make clear that she was aware of the injuries she experienced as a child, and should have known of it, at the very latest, in 2003. *See Bonneau*, 666 F.3d at 581. Although Plaintiff alleged in her SAC that she did not know the full extent of Defendants' failures until 2018, a cause of action "accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). The statute of limitations therefore began to run in 2003, and absent applicable tolling principles, expired in 2005. *See* Cal. Code Civ. Proc. § 335.1.

Pertinent here, in California, if the cause of action accrued while the plaintiff was a minor, the statute of limitations is tolled—meaning it does not begin to accrue—until the plaintiff turns eighteen years of age and is no longer a minor. *See* Cal. Civ. Proc. Code § 352(a); *see also Wilson*, 471 U.S. at 269 ("Only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law."). When the statute of limitations began to run for Plaintiff's claims in 2003, she was ten

years old, and thus, a minor. (*See* Doc. No. 27 at 4 (stating that Plaintiff was three years old in 1996).) Plaintiff turned eighteen years old in 2011. As such, applying the tolling provision, the two-year statute of limitations period commenced in 2011 and expired in 2013. *See* Cal. Civ. Proc. Code § 352(a). Having determined when Plaintiff's claims accrued, the Court turns to whether Plaintiff timely filed her Complaint, and if not, whether she has sufficiently pled facts indicating that equitable estoppel applies.

### B. Timely Filing and Equitable Estoppel

Plaintiff filed her Complaint on February 28, 2019—more than five years after the limitations period expired. (Doc. No. 1.) Thus, her suit is barred unless she has sufficiently pled facts to establish the timeliness of her claims. *Von Saher*, 592 F.3d at 969. To that end, Plaintiff contends that Defendants should be equitably estopped from asserting the statute of limitations. (Doc. No. 48 at 23.) Equitable estoppel, sometimes referred to as fraudulent concealment, "focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit." *Lukovsky*, 535 F.3d at 1051. Under California law, the elements of equitable estoppel are:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Id.* at 1051–52 (citing *Honig v. San Francisco Planning Dep't*, 127 Cal. App. 4th 520, 529 (2005) and noting that California's equitable estoppel requirements are consistent with that of federal common law). The plaintiff carries the burden of pleading these elements, and "when estoppel is sought against the government, 'there must be affirmative misconduct (not mere negligence) and a serious injustice outweighing the damage to the public interest of estopping the government.'" *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (quoting *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)).

Here, even assuming as true Plaintiff's claims that while she was in County's care and custody, Defendants knew that Plaintiff had a separate legal action against them and

failed to advise her or the Juvenile Court of the potential civil claim, or to otherwise take action to pursue and protect Plaintiff's rights to sue, the Court finds that these omissions amount to mere negligence, not affirmative misconduct. *Cf. Estate of Amaro*, 653 F.3d at 815–16 (applying equitable estoppel where the plaintiff believed that her son died as a result of a police beating, and the police department actively misrepresented the circumstances of her son's death and refused her requests for department reports). Plaintiff has not identified any active conduct or false representation by Defendants upon which she relied, or upon which Defendants intended to induce reliance, such that she was dissuaded from investigating and bringing the instant lawsuit sooner. *See Lukovsky*, 535 F.3d at 1052 ("As we have previously explained, the plaintiff must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'") (citation omitted).

Plaintiff's vague and conclusory statements that Defendants committed "acts of concealment" and "suppression of true facts" does not, without further factual enhancement, suffice to meet the standard of plausibility. *See Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff has not pointed to any act by Defendants that prevented her from filing suit between 2011 and 2013, the relevant limitations period. While Plaintiff specifically alleged that County prevented her from accessing her juvenile and agency records by filing objections to her request, this occurred in 2018. (Doc. No. 27 at 11.) Because this act took place after the limitations period expired, it cannot have stood in the way between her and a timely filing, and therefore, cannot support an equitable estoppel claim. As such, reviewing Plaintiff's SAC with the required liberality, the Court finds that the assertions therein do not permit her to prove that the statute was tolled. *Jablon*, 614 F.2d at 682. Based on the foregoing, the Court finds that Plaintiff's claims are facially barred by the statute of limitations, and that she failed to plead facts sufficient to show a plausible claim to equitable estoppel.

//

## IV. CONCLUSION

In sum, the Court **GRANTS** Defendants' motion to seal Exhibits A–C at Doc. No. 42. *See supra* § I. The Court also **GRANTS** Defendant's motion to dismiss Plaintiff's claims **WITHOUT PREJUDICE**.[3] *See supra* § III. Plaintiff must allege more to avoid dismissal of her claims, which expired more than five years before she filed her suit. The Court acknowledges that with her SAC, Plaintiff has already attempted to plead facts to cure her untimely filing. In the interest of justice, however, the Court grants Plaintiff a final opportunity to amend the complaint so as to plead sufficient allegations of equitable estoppel. Fed. R. Civ. P. 15(a)(2). This will be Plaintiff's final opportunity to amend. Plaintiff must file her final amended complaint on or before <u>Friday, November 6, 2020</u>. Failure to do so may result in dismissal with prejudice.

**IT IS SO ORDERED**.

Dated: October 16, 2020

Hon. Anthony J. Battaglia
United States District Judge

---

[3] As the Court grants Defendants' motion on statute of limitations grounds, it need not consider their arguments as to Plaintiff's failure to state a § 1983 and *Monell* claims at this time. (Doc. No. 43-1 at 13–23.)